```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

                  Plaintiff,
                                              MEMORANDUM & ORDER
          - against -
                                              00-CV-06029 (KAM)
JACOB EVSEROFF, ET AL.,

                  Defendants.
------------------------------X
```

**Matsumoto, United States District Judge:**

On April 30, 2012, this court entered judgment in favor of the United States, permitting the government to collect against all assets held by a trust established by defendant Jacob Evseroff in order to satisfy Evseroff's tax debts. (ECF No. 226.) The Court of Appeals for the Second Circuit affirmed the judgment on the October 23, 2013. (ECF No. 240.) Following this affirmance, the government filed a motion to appoint a receiver to sell defendant's residence, held by the Trust. (ECF No. 241.)

In his opposition to the government's motion, defendant has moved for the undersigned judge to disqualify herself from presiding over this case.[1] (Aff. of Thomas Vasti

---

[1] The court notes that defendant was not authorized to make this motion pursuant to the undersigned's Chambers Practices, nor has defendant raised the question of recusal at any point since the undersigned began presiding over the case after its reassignment from the Honorable David G. Trager in February of 2011. Defendant has also not yet replied to the government's opposition to this motion, filed today. The Court nonetheless considers the

III, Esq. in Opp'n to Gov't's Mot. ("Vasti Aff.") ¶¶ 12-28, ECF No. 248.)  Specifically, defendant asserts that the undersigned's prior employment in the Civil Division of the United States Attorney's Office for the Eastern District of New York creates a basis for recusal.  The government has filed opposition to the recusal motion.  (ECF No. 249.)  For the foregoing reasons, the motion for recusal is denied.  Decision is reserved on the motion to appoint a receiver.

Pursuant to 28 U.S.C. § 455(a), a "judge . . . of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."  In examining whether an appearance of impartiality has been created, the Second Circuit has "ask[ed] whether 'an objective, disinterested observer [,] fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'"  *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) (quoting *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007)); *see also United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (inquiring, under 28 U.S.C. § 455(a), whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned" (internal citation omitted)).  A judge must also disqualify herself when "[s]he has served in governmental

---

motion at this time and, because it finds the motion to be baseless, as set forth below, does not believe that a reply would be helpful.

employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding." 28 U.S.C. § 455(b)(3).

As a preliminary matter, the undersigned did not participate in this case in any capacity while working in the Civil Division of the United States Attorney's Office for the Eastern District of New York. Cases "arising under the internal revenue laws, and litigation resulting from the taxing provisions of other Federal statutes" are handled by the Tax Division of the United States Justice Department, not the United States Attorney's Office. 28 C.F.R. § 0.70. The Tax Division attorney assigned to this case, Alan Shapiro, affirms, moreover, that he has handled all substantive aspects of the case and has not communicated with the undersigned other than on the record proceedings in this case.[2] (Shapiro Aff. ¶¶ 3, 6; ECF No. 249-2.)

In light of this court's lack of involvement in the case in any capacity other than a judicial one, a reasonable person, knowing all the relevant facts, could not conclude that there is an appearance of partiality here. Therefore,

---

2 It appears that some ministerial aspects of the case, such as filing of summonses and arranging for the certification of abstracts of judgments, were handled by an attorney in the Civil Division, Thomas McFarland, whom the undersigned supervised at the U.S. Attorney's Office. Mr. McFarland attests, however, to the purely ministerial nature of his involvement in the case, and that, in any event, he never discussed the case with the undersigned. (McFarland Aff. ¶¶ 6-11, ECF No. 249-1.)

defendant's motion to disqualify the undersigned pursuant to 28 U.S.C. § 455(a) and (b)(3) is denied.

Dated: December 2, 2013
       Brooklyn, New York

                                            /s/
                                   **Kiyo A. Matsumoto**
                                   United States District Judge
                                   Eastern District of New York