```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,
                                        MEMORANDUM & ORDER
        - against -
                                        00-CV-06029 (KAM)
JACOB EVSEROFF, ET AL.,

                Defendants.
-------------------------------X
```

**Matsumoto, United States District Judge:**

On January 17, 2014, the undersigned issued an order appointing a receiver to facilitate the sale of defendant Jacob Evseroff's residence ("the Dover Street residence") in satisfaction of his tax debts. (ECF No. 264.) The reasons for the issuance of this order were explained in a Memorandum and Order filed the previous day. (ECF No. 263.) On January 30, 2014, at approximately 11:47 p.m., defendant has filed an emergency motion, seeking to have the court temporarily restrain the appointment of a receiver and reconsider its previous order. (ECF No. 265.) Defendant's motion is respectfully denied in its entirety, and the government need not respond to the motion.

Reconsideration of a previous order "is within the sound discretion of the district court, . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Mangino v. Inc. Village of Patchogue*, 814 F. Supp. 2d 242, 247

(E.D.N.Y. 2011) (internal citations and quotation marks omitted). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can identify controlling decisions or data that the court overlooked — matters, in other words, that may reasonably be expected to alter the conclusion reached by the district court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). However, motions for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may [they] be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257).

  The majority of defendant's motion presents no new facts or law that would alter the court's judgment. Defendant contends that the court should exercise its discretion to deny or stay appointment of a receiver. (Def. Mem. ¶¶ 4-36.) In its previous decision appointing a receiver, the court fully considered defendant's arguments in opposition to a receiver. The additional state case law regarding calculating amounts due prior to a mortgage foreclosure sale presented by defendant is inapposite, as no sale of the property is pending.

  Defendant also purports to provide the court with new

2

documentation calling into question the validity of the tax liens against defendant Evseroff.  Not only is the import of these documents unclear, "new facts . . . not previously presented to the Court" may not form the basis for a motion for reconsideration.  *Davidson*, 172 F. Supp. 2d at 461.  Moreover, these facts go to the underlying validity of the tax liens, a question already litigated in this court and reduced to judgment.

In light of the patent lack of merit of defendant's motion for reconsideration, the court denies the motion to stay the previously entered order.  Defendant has submitted correspondence indicating that the parties are in informal discussions about the date on which the receiver will inspect the property, in order to ensure that that inspection is as convenient as possible for Mr. Evseroff.  (Def. Ex. E.)  To the extent that these discussions are ongoing, they would obviate many of defendant's concerns, and the court encourages them to continue.

**SO ORDERED.**

Dated:   January 31, 2014
         Brooklyn, New York

                                         **/s**
                                         _____
                                         **KIYO A. MATSUMOTO**
                                         United States District Judge
                                         Eastern District of New York

3